# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
# NEW YORK, NY

| | |
|---|---|
| NIMAL GAMINI HETTI THANTRIGE WIJESURIYA (A088-552-413)<br><br>Plaintiff,<br><br>v.<br><br>**JEFF SESSIONS,** Attorney General of the United States;<br>**JOHN F. KELLY**, Secretary, Department of Homeland Security;<br>**THOMAS CLOPPA**, District Director, U.S. Citizenship and Immigration Services, New York District Office | Civil Action No. _____ |

## PLAINTIFF'S COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK, NY

| | |
|---|---|
| NIMAL GAMINI HETTI THANTRIGE WIJESURIYA (A088-552-413)<br><br>Plaintiff,<br><br>v.<br><br>JEFF SESSIONS,<br>Attorney General of the United States;<br>JOHN F. KELLY, Secretary,<br>Department of Homeland Security;<br>THOMAS CLOPPA, District Director,<br>U.S. Citizenship and Immigration Services,<br>New York District Office | Civil Action No. _____ |

## COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF

**To the Honorable Judges of Said Court:**

### INTRODUCTION

1. This action is brought by the Plaintiff to compel the Defendants to adjudicate the application by Nimal Gamini Hetti Thantrige Wijesuriya for his naturalization. The Plaintiff's application has been on file with the Bureau of Citizenship and Immigration Services (USCIS) since March 30, 2015, and the defendants have refused to complete the case. The defendants have no legitimate explanation for this delay.

2. Defendant officers of both USCIS and the Department of Justice have engaged in unreasonable and extraordinary delay in adjudicating Plaintiff's application for Naturalization filed on March 30, 2015, in violation of the Administrative Procedures Act 5 U.S.C. §555, 706 and the Due Process

1

Clause.

3. The Plaintiff has met statutory requirements to become a U.S. citizen. Nonetheless, the Plaintiff has been stymied in his efforts by the unreasonable and extraordinary delay of the Defendants.

4. Defendants' failure to abide by the law is inconsistent with properly promulgated regulations and statutes passed by Congress.

5. Plaintiff seeks not only Writ of Mandamus compelling the USCIS to adjudicate his naturalization application filed by the Plaintiff on March 30, 2015, but also the Plaintiff asks the Court to declare that the Defendants are violating the Administrative Procedure Act and the Immigration laws and regulations in failing to adjudicate the Plaintiff's naturalization application.

## PARTIES

6. The Plaintiff, Nimal Gamini Hetti Thantrige Wijesuriya, citizen of Sri Lanka, is a permanent resident of U.S.A. Plaintiff reside at 252 Decker Avenue, Staten Island, NY, 10302.

7. Having met all statutory requirements, Plaintiff has sought to become a citizen of this country by applying for naturalization on March 30, 2015. However, Plaintiff has not received an adjudication from the U.S. Bureau of Citizenship and Immigration Services (USCIS).

8. Defendants are officers of the Department of Homeland Security and the Attorney General of the United States, and are charged by law with the obligation of adjudicating applications by individuals for naturalization.

9. Defendant, John Kelly, is Secretary of Homeland Security, which encompasses the USCIS. Mr. John Kelly is ultimately responsible for the administration of all immigration and naturalization laws, including the processing and determination of applications for naturalization. He is sued in his official capacity.

10. Defendant, Jeff Sessions, is the Attorney General of the United States. He is the head of the U.S. Department of Justice. Mr. Jeff Sessions is also jointly responsible with Mr. John Kelly for enforcement of immigration laws. Mr. Jeff Sessions is sued in his official capacity.

11. Defendant, Mr. Thomas Cioppa, is the District Director of the Bureau of Citizenship and Immigration Services New York District and is also responsible for the implementation of immigration and naturalization laws, including the processing and determination of applications for naturalization. He is sued in his official capacity.

## JURISDICTION

12. This is a civil action brought pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1361, to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties Defendants owe to Plaintiff.

13. Jurisdiction is also conferred by 5 U.S.C. §701. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 U.S.C. §702 *et seq.*

14. The aid of the Court is invoked under 28 U.S.C. §2201 and 2202, authorizing a declaratory judgment.

15. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, and 28 U.S.C. 2412(d), *et seq.*

## VENUE

16. Venue is proper in Southern District of New York pursuant to 28 U.S.C. §1391(e) since the defendant Thomas Cioppa, District Director, U.S. Department of Homeland Security official business is located within the New York District.

3

## LEGAL FRAMEWORK

17. Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become United States citizens through a process known as naturalization.

18. A person seeking to naturalize must meet certain requirements, including an understanding of the English language and history and civics of the United States; a sufficient period of lawful permanent resident status and physical presence in the United States; and good moral character. 8 U.S.C. §§ 1423, 1427(a).

19. Persons seeking to naturalize must submit an application for naturalization to USCIS. 8 U.S.C. § 1445. USCIS is the agency that is responsible for adjudicating naturalization applications. 8 C.F.R. § 100.2.

20. Once an application is submitted, USCIS conducts a background investigation of each naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

21. According to USCIS regulations, the background investigation includes a full criminal background check performed by the FBI. 8 C.F.R. § 335.2. After the background investigation is completed, USCIS schedules a naturalization examination, at which an applicant meets with a USCIS examiner who is authorized to ask questions and take testimony. The USCIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. §1446(d).

22. USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 CFR § 335.3. Naturalization is not a discretionary benefit, but a right upon satisfaction of statutory requirements.

23. USCIS must grant or deny a naturalization application at the time of examination or at the latest within 120 days of the date of examination. 8

4

CFR §335.3. Once an application is granted, the applicant is sworn in as a United States citizen.

## REMEDY SOUGHT

24. Plaintiff seeks to have the Court compel the District Director of the USCIS to adjudicate the N-400 application for naturalization.

## FACTS

25. The Plaintiff, Nimal Gamini Hetti Thantrige Wijesuriya, is a native and citizen of Sri Lanka.

26. The Plaintiff was granted asylum in the U.S.

27. After one year, the Plaintiff filed an application for permanent residency and became a permanent resident.

28. On March 30, 2015, the Plaintiff filed an application [N-400] for naturalization. [Please see Exhibit A]

29. On November 19, 2015, Plaintiff Nimal Gamini Hetti Thantrige Wijesuriya received a letter stating *inter alia*:

    > We are actively processing your form N400 and we are aware that it has been delayed. However, USCIS records do indicate that your N400 is still pending mandatory security and background checks. Once these checks are completed, your N400 will be adjudicated accordingly. We appreciate your patience and understanding in this matter. [Please see Exhibit D – Copy of Letter]

30. The Plaintiff was scheduled for a naturalization interview on July 14, 2015. [Please see Exhibit B – Copy of the Interview Notice]

31. The Plaintiff received a Notice of Action dated June 29, 2015, indicating that the scheduled interview has been cancelled due to unforeseen circumstances. [Please see Exhibit C – Copy of the Notice of Action]

32. On January 2, 2016, the Plaintiff received a letter in response to her query stating *inter alia*:

    > Due to workload factors not related to your case, USCIS anticipates a delay in completing your case. USCIS is committed to adjudicating immigration benefits in the order received and in a timely and efficient manner. We regret any inconvenience that results from delays in processing. [Please see Exhibit E]

33. Thus far, the USCIS has not adjudicated that Plaintiff's application for naturalization, let alone rescheduled the cancelled citizenship interview.

## CAUSES OF ACTION

### Count One

### Failure to Adjudicate the N-400 Application

34. The allegations in paragraphs 1 through 33 above are repeated and incorporated as though fully set forth herein.

35. The Defendants' failure to adjudicate Plaintiff's N-400 Application constitutes a violation of the rights guaranteed to the Plaintiff under 8 U.S.C. § 1159.

### Count Two

### Unreasonable Delay in Violation of the Administrative Procedures Act

36. The allegations in paragraphs 1 through 33 above are repeated and incorporated as though fully set forth herein.

37. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonable delayed." 5 U.S.C. § 706 (1). The Court also may hold unlawful and set aside agency action that, *inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations or short of statutory rights," 5 U.S.C. § 706(2)(c), or "without observance of procedures required by law," 5 U.S.C. § 706(2)(D). "Agency actions" include, in relevant part, "an agency rule, order, license, sanction, relief or the equivalent or denial thereof, or failure to act." 5 U.S.C§ 551(13).

38. As a result of the Defendants' failure to adjudicate the Plaintiff's application for naturalization filed on March 30, 2015, the Plaintiff has suffered and continues to suffer injury. Declaratory relief is therefore warranted.

## Count Three

## Violation of Fifth Amendment Due Process Clause

39. The allegations in paragraphs 1 through 33 above are repeated and incorporated as though fully set forth herein.

40. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty, or property without due process of law. Plaintiff has a liberty and property interest in adjudication of his naturalization application.

41. Due to Defendants' failure to adjudicate the Plaintiff's naturalization application (N-400), Plaintiff has suffered and continues to suffer injury. Declaratory relief is therefore warranted.

7

## REMEDY

### Mandamus Act

42. The Mandamus Act codified at 28 U.S.C. § 1361 says, in its entirety:

> 1361: Action to compel an officer of the United States to perform his duty.
>
> The District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

43. Through allegations 1 through 33 the Plaintiff has demonstrated that: (1) he has a clear right to the relief requested; (2) the Defendants have a clear duty to perform the act in question; and (3) no other adequate remedy is available. Association of Data Processing Service Organizations Inc. v. Camp, 397 U.S. 150 (1970). Patel v. Reno, 134 F.3d 929, 933 (9th Cir 1997) (duty to adjudicate visa application).

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff prays for the following relief:

a) Assume jurisdiction over the matter;

b) Order Defendants to promptly adjudicate the Plaintiff's naturalization application (N-400);

c) Issue a declaratory judgment holding unlawful:

    a. The Failure of Defendants to adjudicate the Plaintiff's application for naturalization;

    b. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and;

    c. Grant any and all further relief this Court deems just and proper.

                        Respectfully submitted,

                        /S/ Visuvanathan Rudrakumaran
                        *Attorney for the Plaintiff*
                        Visuvanathan Rudrakumaran, Esq.
                        Law Office of Visuvanathan Rudrakumaran
                        875 Avenue of the Americas, Suite 906
                        New York, NY 10001
                        Phone: (212) 290-2925, Fax: (212) 290-2303

Dated: June 14, 2018